IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAXIE D. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-cv-01219-DRB |
| | ) | [WO] |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION

Plaintiff Maxie D. Reeves ("Reeves") brought this 42 U.S.C. §405(g) action for judicial review of the Commissioner's final decision denying his application for Title II and Title XVI benefits. Now submitted is the *Defendant's Motion to Remand* (Doc. 16, June 22, 2006), in which the Commissioner seeks – in accordance with a determination by the Appeals Council – a reversal of her decision and a *sentence four*, 42 U.S.C. §405(g) remand.

*Plaintiff's Response to Commissioner's Motion to Remand* (Doc. 19, July 10, 2006) requests either an outright reversal with an award of benefits or a remand which orders the Commissioner to: (1) appoint a different ALJ to conduct the administrative hearing; (2) complete all of the administrative action in this case within 90 to 120 days of this court's order; and (3) accept as true all of Plaintiff's subjective symptoms caused by his diabetes as a matter of law.

For good cause based upon the Appeal Council's determination that remand is appropriate

for additional proceedings before a new administrative law judge, [1] and after careful consideration of the Plaintiff's *Response*, it is hereby

**ORDERED** that the *Motion* (Doc. 16) is **GRANTED,** and the decision of the Commissioner is **REVERSED AND REMANDED**, pursuant to *sentence four* of 42 U.S.C. §405(g) for further administrative proceedings.

Reeves' request to deem all of his subjective symptoms caused by his diabetes as true is denied as inconsistent with the Commissioner's primary responsibility for deciding Plaintiff's claim and otherwise inappropriate at this time. In response to Reeves' request "to impose a reasonable deadline from the date of the Court's order, such as 90 to 120 days, for the completion of all administrative action in this case",[2] it is

**ORDERED** that the Commissioner provide a status report for administrative proceedings on or before January 15, 2007.

The final judgment requested in the supporting memorandum is entered herewith.[3]

---

[1] Upon receipt of this court's remand order, "the Appeals Council will remand this case to an ALJ for further consideration of all of Plaintiff's impairments prior to his fully favorable decision of February 1, 1999. Specifically, the ALJ will be instructed to properly evaluate Plaintiff's diabetes. Moreover, consistent with Agency Policy, this case will be assigned to a new ALJ". *See Def.'s Mem*. at 1 (Doc. 17).

[2] *Pl.'s Resp.* at 4. However, the court declines to impose any mandatory hearing or decision deadlines. *See Nowells v. Heckler*, 749 F. 2d 1570 (11th Cir. 1985); *see also Scott v. Bowen*, 808 F. 2d 1428, 1431 n. 2 (11th Cir. 1987)("This court has previously refused to judicially impose strict time limits on the Secretary.")

[3] Entry of the final judgment reversing and remanding this case will begin the appeal period which determines the 30-day period during which time a timely application for attorney fees under the Equal Access to Justice Act may be filed. (*Def's Mem*. at 2).

Done this 28th day of July, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE