IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAXIE REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-1219-TFM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This case is now before the Court on the *Plaintiff's Motion To Set Aside Government's Offset of Plaintiff's Attorney's Fee and Motion to Show Cause* (Doc. # 28), and the Commissioner's *Response*, (Doc. # 30).

## I. DISCUSSION

### A. Background

Plaintiff sought a reversal of the Social Security Commissioner's administrative determination that he was not disabled within the meaning of the Social Security Act ("the Act"). (Doc. # 1). On June 22, 2006, the Commissioner filed a motion for remand pursuant to sentence four of 42 U.S.C. §405(g). (Doc. # 16). After Plaintiff filed a response opposing the remand (Doc. # 19), the court granted the Commissioner's motion and entered judgment in favor of Plaintiff. (Doc. ## 20, 21). Plaintiff filed a petition for a total of $4,451.83 in attorney's fees under the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412). (Doc. # 23). The Commissioner responded that Plaintiff was entitled to the requested fees, but noted that the $250.00 reimbursement for filing was an ineligible expense under the EAJA. The Commissioner proposed Plaintiff be compensated for the filing fee from the Judgment Fund administered by the United States Treasury Department.

(Doc. # 26). The court ordered that fees be paid to Plaintiff as recommended by the Commissioner. (Doc. # 27).

The Commissioner initiated payment of EAJA fees through the Treasury Department, which issued a check in the amount of $4,201.83 directly to Plaintiff on October, 2006. However, due to an outstanding debt owed by Plaintiff to the Chilton County (Alabama) Department of Human Resources, the Treasury Department offset the EAJA payment in the amount of $4201.83. (Doc. #30, at 2). Plaintiff then filed a motion seeking a set-aside of the Treasury offset, and a motion to show cause for the Commissioner's failure to comply with this court's order granting EAJA fees. (Doc. #28). The Commissioner responded that she had complied with the court's order, but because EAJA payments were not exempt from offset under Treasury regulations, plaintiff was without recourse. (Doc. #30, at 3-4).

### B. Applicable Law

Plaintiff's motion for a set-aside first contends that the Treasury offset was improper because the fees belonged to his attorney. His argument posits that, when an award of attorney's fees is made under a specific federal statute and is not derivative of the plaintiff's recovery, the funds belong to the attorney, not the plaintiff. *See Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1366 (5th Cir. 1979)[1] (rejecting the direct payment of fees awarded under the Truth-in-Lending Act to plaintiff, and holding that the determinative factor in a contested offset "is not whether plaintiff is nominally to receive the money but whether ultimately it is to go to her attorney or to be credited toward defendant" for debt repayment). (Doc. # 28, at 4-5). Plaintiff also cites *Marre v. United States*, 117 F.3d 297 (5th Cir. 1997) as support for the *Plant* approach in an offset of attorneys' fees

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding all decisions rendered by the former the Fifth Circuit prior to the close of business on September 30, 1981.

awarded under 26 U.S.C. § 7430 for a tax obligation. (Doc. # 28, at 8-12). Plaintiff offers additional support for his position that he could not have any real interest in the EAJA award by citing a plaintiff's inability to receive fees in *qui tam* and *pro se* litigation. (Doc. # 28, at 12-15).

The Commissioner's response first asserts her compliance with the court's order to pay attorney's fees. After reciting the provisions of the Debt Collection Act (DCA) under which the offset was accomplished, the Commissioner states that she is not liable "for the amount of the administrative offset on the basis that the underlying obligation, represented by the payment before the administrative offset was taken, was not satisfied.." (Doc. # 30, at 3-4). The Commissioner also argues that the EAJA itself prevents any additional payment to Plaintiff, as such payment would exceed the amount of "reasonable attorney fees" in this case, and would exceed her statutory authority to make awards under EAJA. (Doc. # 30, at 4). In response to Plaintiff's argument that only his attorney, not he, had any real interest in the fee payment, the Commissioner cites a line of cases holding that "fees and expenses awarded under [EAJA] properly belong to a 'prevailing party,' as opposed to the prevailing party's attorney." (Doc. # 30, at 6, citing 28 U.S.C. § 2412(d)(1)(A)). *See Phillips v. General Services Administration*, 924 F.2d 1577, 1582 (Fed. Cir. 1991).

Having reviewed the Eleventh Circuit's decisions which apply to EAJA fees, the court finds that "the party eligible to recover attorney's fees under the EAJA as part of its litigation expenses is the prevailing party." *Panola Land Buying Association v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988). The *Panola* court construed Congress' use of the term "prevailing party" as the first indicator of legislative intent, and then referred to the statute's structure for further support. *Panola, id.* at 1510-11. The decision noted that the "fees and other expenses" section of the EAJA statute grouped attorneys with "expert witnesses, engineers, scientists, analysts, or other persons found by the court to be necessary for the preparation of the party's case," and that "Congress did not intend that all persons performing services to the prevailing party in the litigation be allowed to become parties in

3

the case to assert their claims for compensation." *Id*. at 1511.  It was further noted that the text of the statute directs the prevailing party "to submit 'an application for fees and other expenses [showing] . . . the amount sought, including an itemized statement from any attorney or expert witness.'" *Id*., citing 28 U.S.C. § 2412(d)(1)(B).  The Court held that this latter provision "clearly manifests Congress' intent that the prevailing party's lawyer is not considered to be an applicant under the EAJA." *Id*.  *See also United States v. Adkinson*, 256 F.Supp.2d 1297, 1318 (N.D. Fla. 2003) (citing *Panola* to hold that "an attorney has no independent right to a fee award under the EAJA.")  Therefore, the award in this case was correctly issued to Reeves as the prevailing party in whose favor judgment was entered. (Doc. # 21).  Under *Panola*, the award was Reeves' to distribute to his attorney or any other professional who assisted with his case.[2]

Although neither party cited any examples of other courts' decisions where EAJA fees were offset for a plaintiff's overdue child support payments, this court acknowledges the different result reached in *Dixon-Townsell v. Barnhart*, 445 F.Supp.2d 1283 (N.D. Okla. 2006).  In that case, the district court found three separate grounds for ruling that the EAJA award for attorney fees was not subject to administrative offset for the plaintiff's past due child support.  The first was a procedural distinction not present here - the award of fees directly to the plaintiff, rather than counsel, was the result of a typographical error which the court remedied pursuant to Fed. R. Civ. P. 60(a).  *Dixon-Townsell, id*. at 1284.  The second factor was the court's determination that the clerical mistake rendered the offset erroneous, and thus reversible under 31 C.F.R. § 285.4(h).  *Id*. at 1285.  The third was the court's position that the EAJA was intended to compensate attorneys, and should not

---

[2]The court has also noticed that a petition for fees under 42 U.S.C. § 406, filed by counsel in a separate case, was captioned *Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)*.  This indicates the distinction between fees granted to the plaintiff, and those to which an attorney may claim entitlement.  *See Waters v. Barnhart*, No. 2:03cv569-TFM.  Attorneys are permitted to petition for fee awards on their own behalf under 42 U.S.C. § 406.  *See Bergen v. Barnhart*, 454 F.3d 1273  (11th Cir. 2006).

generate income for a plaintiff. *Id*.

Here, there was no clerical error in the order awarding fees under the EAJA. As discussed above, the award was correctly issued to Reeves, as the prevailing party. The offset was not erroneous, as Reeves neither contests, nor demonstrates, that he was not liable to the Chilton County Department of Human Resources for back child support in the amount offset by the Treasury Department. Finally, the authority cited in *Dixon* as prohibiting the issuance of EAJA awards to a plaintiff merely repeats the generally accepted rule against EAJA payments to *pro se* plaintiffs. *See Demarest v. Manspeaker*, 948 F.2d 665 (10th Cir. 1991). Reeves was not a *pro se* litigant, and therefore, the *Dixon* court's reference to *Demarest* is inconsequential.

## II. CONCLUSION

The Commissioner complied with this court's order instructing that attorney fees be issued to Plaintiff. The offset of the award was conducted in accordance with applicable legislative and regulatory authorities, and there are no grounds for the reissuance of the award directly to Plaintiff's attorney. Therefore, this court **ORDERS** that *Plaintiff's Motion To Set Aside Government's Offset of Plaintiff's Attorney's Fee and Motion to Show Cause* be **DENIED**.

DONE this 5th day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE